FILED
CLERK
12:25 pm, Feb 26, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAWRENCE FELTZIN,

                Plaintiff,

       -against-

STONE EQUITIES, LLC,

                Defendant.
------------------------------------------------------------------------X

**ORDER**
16-CV-6457 (SJF)(AKT)

FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated February 8, 2018 ("the Report"), (1) recommending (a) that the branch of the motion of defendant Stone Equities, LLC ("defendant") seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure be granted to the extent set forth therein, and (b) that the branch of defendant's motion seeking attorney's fees pursuant to 42 U.S.C. § 12205 be denied; and (2) advising, *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of th[e] Report . . . to file written objections[,]" (Report at 27), (b) that "[a]ny requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections[,]" (*id.*) (emphasis omitted), and (c) that a "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal." (*Id.*) (citing *Thomas v. Arn,* 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon counsel for all parties via ECF on February 8, 2018. (*See* Docket Entry ["DE"] 26). No party has filed any timely objections to the Report, nor sought an extension of time to do so. For the reasons

1

set forth below, Magistrate Judge Tomlinson's Report is accepted in its entirety.

I. DISCUSSION

    A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas,* 474 U.S. at 150, 106 S. Ct. 466. Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000);

*accord King*, 419 F. App'x at 27.

B. Review of Report

Since no party has filed any timely objections to Magistrate Judge Tomlinson's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, the branch of defendant's motion seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted; plaintiff's claims against defendant are dismissed in their entirety for lack of standing; and the branch of defendant's motion seeking attorney's fees pursuant to 42 U.S.C. §12205 is denied.

II. CONCLUSION

For the reasons set forth herein, Magistrate Judge Tomlinson's Report is accepted in its entirety and, for the reasons set forth therein, the branch of defendant's motion seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted; plaintiff's claims against defendant are dismissed in their entirety for lack of standing; and the branch of defendant's motion seeking attorney's fees pursuant to 42 U.S.C. §12205 is denied. The Clerk of the Court shall close this case.

SO ORDERED.

                                                 /s/
                                    SANDRA J. FEUERSTEIN
                                    United States District Judge

Dated: February 26, 2018
       Central Islip, New York